UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD L. CODE, and MARIA CODE, | ) | 3:08-cv-00473-HDM-RAM |
| | ) | |
| Plaintiffs, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is plaintiffs' opposition (#100) to the petition for permission to practice *pro hac vice* filed by attorney Michael S. Beaver (#99). Beaver seeks to represent defendant Teachers Insurance and Annuity Association ("TIAA") in this action, along with attorneys Anthony L. Hall and Dora V. Lane. TIAA has filed a reply in support of Beaver's *pro hac vice* petition (#105).

Plaintiffs object to Beaver's appearance on two grounds: (1) that Beaver will be a "necessary witness" at trial; and (2) that

1

Beaver's petition is untimely.

**I. Necessary Witness**

Nevada Rule of Professional Conduct 3.7(a) states:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) The testimony relates to an uncontested issue;
> (2) The testimony relates to the nature and value of legal services rendered in the case; or
> (3) Disqualification of the lawyer would work substantial hardship on the client.

Plaintiffs argue that Beaver may be a necessary witness based on a September 15, 2009, letter he drafted outlining TIAA's defense strategy in this matter. The letter was sent to counsel for defendant Stanford Contributory Retirement Plan ("Stanford") just two weeks before Stanford and defendant Leslie Schlaegel denied plaintiffs' claim for benefits. Plaintiffs apparently believe that the letter played a role in Stanford's and Schlaegel's decision to deny their claim, and for that reason assert that its drafter – Beaver – may be a "necessary witness" at trial.

TIAA responds that Beaver's letter was based entirely on information provided by other sources, all of which either have been produced to plaintiffs or were confidential attorney-client communications. It was not based on any of Beaver's personal knowledge.

Rule 3.7 does not prevent an attorney's representation where his or her testimony would merely be cumulative or where the information possessed by the attorney can be secured from other sources. *See United Food & Commercial Workers Health & Welfare Fund of Ne. Pa. v. Darwin Lynch Adm'rs, Inc.* 781 F. Supp. 1067, 1069-70 (M.D. Pa. 1991). Moreover, the Nevada Supreme Court has

2

held that the necessary witness rule "does not mandate complete disqualification of an attorney who may be called as a witness; by its plain terms, [the rule] simply prohibits the attorney from appearing as trial counsel." *DiMartino v. Eighth Judicial Dist. Ct.*, 66 P.3d 945, 947 (Nev. 2003) (interpreting former Supreme Court Rule 178, which in relevant part appears to be identical to current Rule 3.7). Accordingly, even if an attorney might be a necessary witness, in general he or she may still represent a client in pretrial proceedings. *Id.*

Plaintiffs have failed to establish that Beaver will be a necessary witness at trial, as they have not identified what information they seek from him that may not be obtained from another source. Even if they could make such a showing, disqualification at this stage is premature. Accordingly, to the extent the objections to Beaver's *pro hac vice* petition are based on Beaver's "probable" status as a necessary witness, the objections are denied without prejudice. Should discovery reveal information suggesting that Beaver is the only person who can testify to relevant and admissible information at trial, the plaintiffs may renew their objections at the close of discovery.

**II. Timeliness**

Local Rule IA 10-2 sets forth the requirements for gaining admission to practice *pro hac vice*. Under the rule, attorneys have 45 days after their first appearance to comply with all the provisions of the rule. L.R. IA 10-2(e). Only when all the provisions of L.R. IA 10-2 are satisfied may the court enter an order approving the petition. *Id.* at 10-2(h).

Plaintiffs assert that Beaver first appeared in this action

3

when he accepted service of process on TIAA's behalf, executed a stipulation for an extension of time to file a responsive pleading, communicated with plaintiffs' counsel via email regarding possible settlements, and filed an affidavit identifying himself as counsel for TIAA.  All of these actions took place in 2008 and 2009, significantly more than 45 days before the petition was filed.

TIAA responds that Beaver's acceptance of service of process was as TIAA's agent, not as its attorney, (TIAA's Reply, Ex. 5); that the stipulation for an extension of time was not signed by Beaver but by attorney Hall, (*id.* Ex. 6); that negotiations over email and the phone do not constitute the practice of law in Nevada; and that the declaration signed by Beaver did not state that he was appearing as TIAA's counsel in this action – only that he represents TIAA "with respect to certain matters," (*id.* Ex. 7).

None of the asserted actions taken by Beaver constitute an appearance before this court that would trigger the 45-day limit of Local Rule 10-2(e).  The petition is therefore timely, and plaintiff's objections on such ground are denied.[1]

Accordingly, plaintiffs' objections and opposition to Beaver's petition for permission to practice *pro hac vice* (#100) is denied.

DATED: This 30th day of June, 2010.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs also assert that Beaver's failure to comply with the *pro hac vice* provisions is an attempt to get around the requirements for substituting counsel under Local Rule 1A 10-6.  This argument is without merit, as there is no indication on the record – and TIAA affirmatively declares otherwise – that TIAA is attempting to substitute Beaver in place and stead of Hall and Lane.

4